United States Courts
Southern District of Texas
FILED

JUN 27 2018

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| v. | § Criminal No. H-18CR351 |
| ADAM THOMAS LONG, | § § § |
| Defendant. | § |

## INFORMATION

The United States Attorney for the Southern District of Texas charges:

### General Allegations

At all times material to this Indictment, unless otherwise specified:

1. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA made it unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense a controlled substance or conspire to do so.

2. The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and assigned those controlled substances to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. A controlled substance assigned to "Schedule II" meant that the drug had a high potential for abuse, the drug had a currently accepted medical use in treatment in the United States, or the drug had a currently accepted medical use with severe restrictions.

4. Pursuant to the CSA and its implementing regulations:

      a.     Oxycodone was classified as a Schedule II controlled Substance. 21 C.F.R. § 1308.12(b)(1)(xiii). Oxycodone, sometimes prescribed under brand names including Oxycontin, Roxicodone, Xtampza ER, and Oxaydo, was used to treat severe pain. Oxycodone, as with other opioids, was highly addictive.

      b.     At all times relevant, and as of on or about October 6, 2014, Hydrocodone was classified as a Schedule II controlled substance. 21 C.F.R. § 1308.12(b)(1)(vi). Prior to on or about October 6, 2014, Hydrocodone was classified as a Schedule III controlled substance. Hydrocodone, sometimes prescribed under brand names including Norco, Lortab, and Vicodin, was used to treat severe pain. Hydrocodone, as with other opioids, was highly addictive.

5. Medical practitioners, such as pharmacists, physicians, and nurse practitioners, who were authorized to prescribe or distribute controlled substances by the jurisdiction in which they were licensed to practice were authorized under the CSA to prescribe, or otherwise distribute, controlled substances, if they were registered with the Attorney General of the United States. 21 U.S.C. § 822(b). Upon application by the practitioner, the Drug Enforcement Administration (DEA) assigned a unique registration number to each qualifying medical practitioner including physicians, pharmacies, and nurse practitioners.

6. Chapter 21 of the Code of Federal Regulations, Section 1306.04 governed the issuance of prescriptions and provided, among other things, that a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." Moreover, "[a]n order purporting to be a

2

prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of [the CSA] and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

7.  Chapter 21 of the Code of Federal Regulations, Section 1306.06 governed the filling of prescriptions and provided, "A prescription for a controlled substance may only be filled by a pharmacist, acting in the usual course of his professional practice and either registered individually or employed in a registered pharmacy, a registered central fill pharmacy, or registered institutional practitioner."

8.  All prescriptions for controlled substances must be "dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner." 21 C.F.R. § 1306.05(a). "The refilling of a prescription for a controlled substance listed in Schedule II is prohibited." 21 C.F.R. § 1306.12(a); 21 U.S.C. § 829(a).

**COUNT 1**
**Conspiracy to Commit a Crime Against the United States**
**(18 U.S.C. § 371)**

9.  Paragraphs 1 through 8 of this Information are realleged and incorporated by reference as if fully set forth herein.

10.  From in or around September 2016, and continuing through in or around November 2017, in the Houston Division of the Southern District of Texas, and elsewhere, defendant

**ADAM THOMAS LONG**

did knowingly and intentionally conspire with others to commit an offense against the United States, that is, to unlawfully distribute and dispense mixtures and substances containing a

detectable amount of controlled substances, including Hydrocodone and Oxycodone, both Schedule II controlled substances, and other controlled substances, not with a legitimate medical purpose and outside the scope of professional practice, contrary to Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Sections 371.

## NOTICE OF CRIMINAL FORFEITURE
## (18 U.S.C. § 981 with 28 U.S.C. § 2461(c))

11. The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

12. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of a conspiracy to violate section Title 21 United States Code, Section 841(a)(1), in violation of Title 18, United States Code, Section 371, the defendant, **ADAM THOMAS LONG**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation. The property to be forfeited includes, but is not limited to, all interest in financial account at Northwestern Mutual Investment Service, held under the title "CC Pharm."

13. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

  e. Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek to forfeit any other property of the defendant up to the value of the forfeitable property described above.

            RYAN K. PATRICK
            UNITED STATES ATTORNEY

            DEVON HELFMEYER
            Trial Attorney
            Fraud Section, Criminal Division
            U.S. Department of Justice
            Devon.Helfmeyer@usdoj.gov
            (713) 567-9513